**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mehrad Asadieidivand,<br><br>       Petitioner,<br><br>v.<br><br>Ghulam Rasool, et al.,<br><br>       Respondents. | No. CV-25-02475-PHX-KML (JFM)<br><br>**ORDER** |

    Petitioner Mehrad Asadieidivand filed a petition for writ of habeas corpus seeking to be released from immigration detention. Respondents argue Asadieidivand is subject to "mandatory detention without bond" and such detention is lawful. (Doc. 16 at 3.) Asadieidivand also sought expedited limited discovery and bail pending resolution of his petition. (Doc. 2, 3.) Resolving Asadieidivand's habeas petition requires a more complete record and Asadieidivand is entitled to expedited discovery. After that discovery, the parties must file supplemental briefs. Oral argument is set for August 28, 2025.

    According to the petition and response, in May 2022 Asadieidivand was detained and placed in expedited removal proceedings. During a credible fear interview a few weeks later, Asadieidivand's testified he faced a reasonable fear of persecution if removed to Iran and that testimony was deemed credible. (Doc. 1 at 6.) In early August 2022, Asadieidivand was denied parole, but he requested a re-determination and the next day he was released on $10,000 bond. Asadieidivand admits his release on bond "appeared to conflict with" a decision by the Attorney General that individuals in his position were "ineligible for release

on bond, and could be administratively released only" via parole. (Doc. 1 at 9.)[1]

Asadieidivand remained free on bond until May 31, 2025, when immigration agents arrested him claiming he "missed a court date in California." (Doc. 1 at 10.) On June 9, 2025, respondents "formally canceled" Asadieidivand's bond. (Doc. 1 at 10.) An immigration official told Asadieidivand the new presidential administration means "we don't give paroles to anyone anymore under Trump's law." (Doc. 1 at 11.) Asadieidivand filed a petition pursuant to 28 U.S.C. § 2241 challenging his "re-detention" as violative of the Administrative Procedure Act and the Fifth Amendment's due process and equal protection clauses, and arguing the statute prohibiting bond to asylum-seekers violates the Fifth Amendment's due process clause (Doc. 1 at 13-18.) The same day he filed his petition, Asadieidivand filed motions for bail and limited discovery. (Doc. 2, 3.)

Some of Asadieidivand's claims require additional development of the record, including information solely in the custody of respondents. More specifically, Asadieidivand's APA, due process, and equal protection claims depend in part on the basis for respondents returning him to custody while he remained on bond, seeking his re-detention, canceling his bond, and the process followed during those events. That information should appear in Asadieidivand's A-File or in government communications regarding the arrest of Asadieidivand and other Iranians. There is "good cause" for allowing such discovery because, "if the facts are fully developed, [Asadieidivand may] be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (simplified). The discovery outlined in Asadieidivand's motion must be produced within 10 days of this order.

The court also construes petitioner's motion for bail as a motion for injunctive relief under Federal Rule of Civil Procedure 65 and intends to consolidate a decision on that motion with a decision on the merits of the petition. Fed. R. Civ. P. 65(a)(2).

After the production of the discovery, the parties must file supplemental

---

[1] Asadieidivand was told a full hearing on his asylum application was "calendared in Texas for April of 2026" (Doc. 1 at 9.) But that merits hearing now may be set for August 26, 2025. (Doc. 16 at 2.)

simultaneous briefs addressing the following:

1. Is the determination whether to grant parole meaningfully different from the determination whether to grant bond? Assuming an individual is eligible for bond, is it plausible he would be granted bond but denied parole?
2. Is it plausible to infer DHS intended for petitioner to be released in August 2022?
3. What process is required for revocation of bond and was that process followed here?
4. What process is required to detain an individual who has been released on bond before that bond has been canceled, and was that process followed here?
5. If Asadieidivand had been granted parole in 2022, what process would have been required before that parole was revoked?
6. Was the release of Asadieidivand on bond void ab initio? If void ab initio, why was it necessary for respondents to "cancel[]" the bond on June 9, 2025? (Doc. 16 at 2.)
7. If the 2022 bond was not void, and was not cancelled until June 9, 2025, what was the legal authority for petitioner's detention between May 31 and June 9, 2025?
8. Are asylum-seekers such as Asadieidivand still being considered for parole? If respondents have adopted a policy of no longer granting parole, is that policy consistent with the governing statutory text?

/
/
/
/
/
/
/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Motion for Discovery (Doc. 3) is **GRANTED**. Respondents shall provide all responsive information, or a declaration that no such responsive information exists, within ten days of this order.

**IT IS FURTHER ORDERED** no later than **noon** on **August 25, 2025**, the parties shall file supplemental simultaneous briefs of no more than ten pages addressing the questions above.

**IT IS FURTHER ORDERED** oral argument is set for **11:00 a.m.** on **August 28, 2025**.

Dated this 11th day of August, 2025.

_____
**Honorable Krissa M. Lanham
United States District Judge**