**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Mehrad Asadieidivand,

             Petitioner,

v.

Ghulam Rasool, et al.,

             Respondents.

No. CV-25-02475-PHX-KML (JFM)

**ORDER**

Developments in petitioner's immigration proceedings did not result in this case becoming moot. The court therefore addresses the parties' discovery disputes.

In July 2025, petitioner filed a motion seeking three categories of discovery. (Doc. 3.) The discovery requests relate to petitioner's claim that his arrest and redetention were arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2) (APA).

"The APA sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (simplified). In relevant part, the APA requires a court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Agency actions are arbitrary and capricious when the agency fails to "examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (simplified). According to petitioner, the

decision to redetain him was not based on changed circumstances relevant to petitioner or an individualized review, but rather a blanket decision motivated by animus. If the decision to redetain petitioner is set aside, it would result in his release. Based on these allegations, the court granted petitioner's motion for discovery on August 11, 2025, and directed respondents to provide the responsive information within ten days. (Doc. 18.) Respondents then sought an extension of time and a motion seeking clarification of their discovery obligations. (Doc. 20, 22.) The court granted the extension and directed the parties to confer on the disputed aspects of the discovery requests and if necessary, file a joint statement of remaining discovery dispute. (Doc. 23.) The parties conferred but could not reach agreement, so they filed a joint statement. (Doc. 29.)

According to the joint statement, the parties only have disputes on the second and third categories of discovery. After reviewing the joint statement, the court concludes respondents have not presented meritorious objections to either category.

The second category seeks

> [All records] of communications between and among Respondents, and between and among any and all agents or employees of Respondents, pertaining to [petitioner's] arrest and detention, including the justification(s) and motivation(s) therefor, and including any communications relating to Respondents' and/or their agents' or employees having intended to arrest and detain a person other than Mehrad when they arrested him, or otherwise having mistaken him for another individual when they arrested him.

(Doc. 3 at 3-4.) During the parties' discussions, petitioner's counsel stressed that this discovery request "is strictly limited to communications *pertaining to [Mehrad's] arrest and detention.*" (Doc. 29 at 2.) In other words, petitioner is seeking only those documents "having a clear, particularized, and direct relevance" to petitioner's specific claims in this suit. (Doc. 29 at 2.) Respondents counter that petitioner has "failed to limit this discovery request in any way," the request is vague, and locating records might require "a search for responsive documents from the level of Cabinet secretaries to local officials." (Doc. 29 at 4.) Respondents also complain the discovery request is not limited to specific types of communications.

Respondents' initial claim that petitioner "failed to limit this discovery request in any way" is strange because petitioner has limited the request in scope (*i.e.*, communications only regarding petitioner) and time (*i.e.*, shortly before petitioner's arrest). Respondents' other objection involves the alleged burden. But it is neither unusual nor unduly burdensome for discovery to require some digging. Respondents' position appears to be that even extremely specific discovery requests—such as this discovery request seeking documents related to a single identified individual and events in a brief period—are too burdensome. But respondents have not provided any guidance on how the court might further narrow the discovery request to allow petitioner access to the information he needs while accommodating respondents' burden concerns. Respondents appear to be arguing they need not produce anything because the size of the federal government renders any search burdensome. That is not a reasonable position.

Having chosen to forgo any suggestion how the discovery request might be more tailored, respondents must produce the information (subject to valid privilege invocations) responsive to petitioner's second category, as narrowed during the parties' conferral. The information to be produced is not limited based on the type or method of communication.

Petitioner's third category of discovery seeks

> [All records] pertaining to (1) the Department of Homeland Security's June 24, 2025 press release titled, "ICE Arrests 11 Iranian Nationals Illegally in the U.S. Over the Weekend," or (2) any policy or practice, referenced in communications composed between May 1, 2025 and the present, that pertained to focusing on, emphasizing, and/or prioritizing the arrest and/or continued detention of noncitizens from Iran.

(Doc. 3 at 4.) Petitioner concedes this request may be burdensome and may require the production of "sensitive information" requiring issuance of a protective order. As for respondents, they seem to concede the request is sufficiently specific. But they make the same type of burden argument as made for the previous request. Respondents argue locating responsive information will require "going beyond officials in Arizona." (Doc. 29 at 5.) And their search for documents "may result in potentially thousands of responsive documents which must be reviewed for privilege and confidential information." (Doc. 29

at 5.)

Again, respondents have not proposed any limitations for the court to consider, apparently believing resisting the production of any responsive information is the best course. It is not. With no argument from respondents how this request might be narrowed, and there being no evidence establishing the request will be unduly burdensome, respondents must produce responsive information (subject to valid privilege invocations).

Respondents also request an additional 30 days to produce the discovery ordered by the court upon resolution of the parties' dispute. The court will not grant respondents 30 days but will grant respondents an additional 14 days.

**IT IS THEREFORE ORDERED** respondents' objections are **OVERRULED**.

**IT IS FURTHER ORDERED** respondents' motion for extension of time (Doc. 30) is **GRANTED IN PART** to the extent respondents must produce the discovery for categories two and three of petitioner's request within **14 days**. The deadlines for post-briefing submission outlined in Doc. 27 remain in place.

Dated this 20th day of October, 2025.


**Honorable Krissa M. Lanham**
**United States District Judge**